UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARLENE S. GARLAND, as Executrix of the
Estates of Richard T. Shanor and Genelee Shanor,　　　　　**DECISION**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**and**
　　　　　　　　　　　　　　　　Plaintiff,　　　　　　　　　**ORDER**
　　v.
　　　　　　　　　　　　　　　　　　　　　　　　　　　**07-CV-127S(F)**
RLI INSURANCE COMPANY,
　　　　　　　　　　　　　　　　Defendant.
_____

APPEARANCES:　　　BROWN CHIARI, LLP
　　　　　　　　　　Attorneys for the Plaintiff
　　　　　　　　　　MICHAEL R. DRUMM, of Counsel
　　　　　　　　　　5775 Broadway
　　　　　　　　　　Lancaster, New York   14086

　　　　　　　　　　HURWITZ & FINE, P.C.
　　　　　　　　　　Attorneys for the Defendant
　　　　　　　　　　DAN E. KOHANE, of Counsel
　　　　　　　　　　1300 Liberty Building
　　　　　　　　　　Buffalo, New York   14202

　　Plaintiff sues for declaratory relief upon an insurance policy issued by Defendant. Specifically, Plaintiff claims that Plaintiff obtained a $4 million judgment in state court against Defendant's insureds, based on the negligence of one of the insureds, and that, following entry of the judgment, such insureds assigned their rights in the insurance policy to Plaintiff. According to the Complaint filed, on January 30, 2007, in New York Supreme Court, Erie County, Plaintiff seeks a determination that Defendant's disclaimer is invalid under New York law, and that Defendant shall therefore pay to Plaintiff the full amount of the judgment pursuant to the insurance policy.

　　Defendant removed the state court action to this court on March 2, 2007 (Doc. No. 1) based on the parties' diversity of citizenship. On April 5, 2007, Plaintiff moved to

remand (Doc. No. 6) contending that diversity of citizenship between the parties is lacking. Plaintiff also moved for leave to file an amended complaint adding LoVullo Associates, Inc. ("LoVullo" or "the broker"), an insurance broker against which Plaintiff seeks to assert a claim of negligence based on LoVullo's failure to provide an early notice of claim to Defendant at the request of Defendant's insureds following the fatal boating accident underlying Plaintiff's successful state court action against the insureds. *Id.* Defendant opposes both motions by Affidavit of Dan D. Kohane, Esq. (Doc. No. 11) ("Kohane Affidavit") and a Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Doc. No. 12) ("Defendant's Memorandum"). To date, Plaintiff has failed to file any reply.

According to Defendant, RLI is an Illinois corporation and Plaintiff is a resident of New York State. Kohane Affidavit at ¶ 10. Plaintiff has not disputed this representation, a fact also stated in Defendant's Removal Petition. Although not revealed by the papers, the court presumes that neither of Plaintiff's decedents were citizens of Illinois. *See* 28 U.S.C. § 1331(c)(2) (decedent's legal representative to be deemed a citizen of decedent's state). The court therefore treats Plaintiff's failure to contravene Defendant's averment as to diversity of citizenship between the parties as conceding the existence of complete diversity.[1]

As, but for Plaintiff's motion to join LoVullo, such diversity of citizenship would

---

[1] It is, therefore, unnecessary to address Plaintiff's contention that the instant action is a direct action for purposes of 28 U.S.C. § 1331(c)(1) pursuant to which a defendant insurer is treated as a citizen of the state of the insured thus defeating diversity jurisdiction in this case if the insureds were, at the time of the removal, citizens of New York State, a fact also not revealed in the papers before the court. As noted, the only residence facts stated in the papers are that Plaintiff is a New York resident and Defendant an Illinois corporation. Kohane Affidavit ¶ 10.

require Plaintiff's motion to remand be denied, the court turns to Plaintiff's motion to join LoVullo as a defendant in order to pursue a negligence claim against LoVullo in this action.  Defendant opposes Plaintiff's motion because, according to Defendant, as LoVullo is a New York corporation, Plaintiff's sole motive in seeking joinder is to defeat subject matter jurisdiction in this court, which, Defendant contends, requires the court deny Plaintiff's motion.  Kohane Affidavit ¶ ¶ 21-23; Defendant's Memorandum at 8-9.  Defendant nevertheless argues that even if LoVullo is added as a defendant as Plaintiff proposes, Plaintiff's motion to remand should be denied as this court retains subject jurisdiction because diversity jurisdiction existed when the action was removed to this court and that, as such, Plaintiff's motion to remand is futile.  Kohane Affidavit ¶ ¶ 25-26; Defendant's Memorandum at 9 (citing cases).

    Where an action is removed pursuant to 28 U.S.C. § 1441(b), based on the court's diversity jurisdiction, the court may, in its discretion permit joinder of a non-diverse party and remand the case to state court or deny the proposed joinder and retain jurisdiction.  28 U.S.C. § 1447(e) ("§ 1447(e)").  As a threshold matter, courts consider whether the proposed joinder comports with the requirements of Fed.R.Civ.P. 20(a) ("Rule 20(a)") as to permissive joinder.  *Clancy v. Zimmer, Inc.*, 2007 WL 969237 *7 (W.D.N.Y. March 30, 2007) (compliance with Rule 20(a) requisites necessary to exercise of discretion pursuant to 28 U.S.C. § 1442(e)); *Briarpatch Ltd., L.P. v. Pate*, 81 F.Supp.2d 509, 515 (S.D.N.Y. 2000) (courts first consider whether joinder proper under Rule 20(a)).  In deciding whether to exercise its "sound discretion" to grant or deny a proposed joinder that will pursuant to § 1447(e), if granted, require remand, *Mayes v. Rapoport,* 198 F.3d 457, 462 (4th Cir. 1999) (citing 14c Charles A. Wright, Arthur R.

Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3739, at 445 (3d ed. 1998)); *Briarpatch Ltd., supra at* 515 (citing cases), the court should also consider whether the movant's purpose is primarily to defeat the court's subject matter jurisdiction, plaintiff's dilatoriness in seeking joinder, injury or prejudice to plaintiff and "other factors bearing on the equities" of the proposed joinder. *Id.* Among such other factors to be considered are whether there are "substantial differences" between the removed and proposed complaint, the possibility of multiple lawsuits, difficulties in identification of the proposed defendant, the closeness of relationship between existing and proposed parties and whether the proposed party had notice of the lawsuit, whether the proposed parties are "formal or nominal," prejudice to the present defendant, and the stage of the litigation. *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619, 622 (S.D.N.Y. 1984).

In this case, Plaintiff seeks to add as a defendant, the insurance broker which Plaintiff alleges is liable to Plaintiff for Defendant's refusal to indemnify Plaintiff under the insurance policy Plaintiff's insureds had with Defendant, because of the Defendant's disclaimer (presumably, according to the Complaint and Proposed Amended Complaint, based on late notice) of the Plaintiff's claims for negligence and wrongful death litigated in state court. As such, Plaintiff's proposed amended complaint joining LoVullo satisfies Rule 20(a) as Plaintiff's request for relief, *i.e.*, the damages sought to be obtained from Defendant as an indemnity in the amount of the state court judgment, arise out of the same "series of occurrences" as does the instant action, and the factual and legal issue of late notice is "common" to the liability of both Defendants in the action if joinder were granted. Moreover, the new cause of action, that LoVullo

4

negligently failed to timely process the insureds' notice of claim with Defendant, are closely related to Plaintiff's existing claims alleged in the Complaint, and therefore the new defendant can hardly be said to be a "nominal" party.  Additionally, as Plaintiff's motion seeking joinder of LoVullo was filed within 30 days of removal Plaintiff's request cannot be said to be dilatory.  Significantly, Defendant does not negate any of these factors, nor does Defendant deny that if joinder is not granted, Plaintiff could commence a related action in state court against LoVullo as the broker thus creating the likelihood of parallel litigation in both state and federal courts based on the same underlying and interconnected events.  Nor does Defendant point to any specific prejudice that would result if the requested joinder is permitted.

     Here, Plaintiff seeks only a declaratory judgment to determine Defendant's obligation, under state law, to indemnify Plaintiff's judgment debtors, the tortfeasors in the precedent negligence and wrongful death cases brought on behalf of Plaintiff's decedents.  The involvement of LoVullo in transmitting to Defendant timely notice on behalf of Plaintiff's insureds to Defendant, or its failure to do so, will be relevant to the merits of Plaintiff's request for declaratory relief.  While it is arguable that Plaintiff should have commenced an action against Defendant as well as LoVullo immediately following Defendant's disclaimer, this consideration alone, particularly at such an early stage of the instant action, does not outweigh the other factors which point in favor of joinder.  See Nazario v. Deere & Co., 295 F.Supp.2d 360, 363 (S.D.N.Y. 2003) ("Diversity-destroying joinder is permitted when the [relevant] factors weigh in the moving party's favor.").  Thus, even if Plaintiff is motivated by a desire to return the matter to state court, its preferred forum, this factor is insufficient to avoid joinder and

remand.

Defendant's alternative contention, that the proposed joinder of LoVullo as a non-diverse party will not deprive the court of subject matter jurisdiction, is meritless.  In support of this proposition, Defendant cites *Grupo Dataflex v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) and *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991) (*per curiam*).  However, as neither decision involves the court's removal jurisdiction, pursuant to 28 U.S.C. § 1441(b), both cases are inapposite.  In contrast, in the instant action, upon joinder of a non-diverse party after removal, remand is required by §1447(e).  *See Ingram, supra*, at 862 (joinder of non-diverse party eliminates subject-matter jurisdiction requiring remand); *Clancy v. Zimmer, Inc.*, *supra*, *6 (granting joinder of non-diverse defendant in a removal action and remanding case to state court pursuant to 28 U.S.C. § 1447(e)); *Briarpatch, supra* (recognizing destruction of diversity jurisdiction based on joinder of a non-diverse party requires remand pursuant to §1447(e)).

## CONCLUSION

Based on the foregoing, Plaintiff's motion to join and remand this action to state court (Doc. No. 6) is GRANTED.  The Clerk of Court shall take steps to return the file in this case to New York Supreme Court, Erie County.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 30, 2007
Buffalo, New York